# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

WENDY MCGHEE,

    Plaintiff,

vs.                                               CASE NO. 5:10-cv-20/RS-EMT

SOVEREIGN HEALTHCARE of
BONIFAY, LLC d/b/a BONIFAY
NURSING and REHAB CENTER,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 18) and Plaintiff's Response (Doc. 24).

## Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all

factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Discussion

### A. Disability Discrimination

To establish a prima facie case under the ADA, Plaintiff must demonstrate that she (1) has a disability; (2) is a "qualified individual" for the position in question; and (3) that the employer discriminated against her because of the disability. 42 U.S.C. § 12112. *See Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 Fed. Appx. 586, 603 (11th Cir. 2008). Here, Plaintiff correctly asserts that depression is a disability recognized by the ADA, *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1132 (11th Cir. 1996), and has brought forth sufficient evidence that her depression substantially limited a major life activity at the time of her firing (Doc. 23, p.3). 29 C.F.R. § 1630.2 (noting that caring for one's self is a major life activity). In addition, Plaintiff has provided sufficient evidence that

Defendant may have discriminated against her based upon the disability. The element that Plaintiff has not directly addressed is whether Plaintiff is a "qualified individual."

A qualified individual is an "individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 USC § 12111 (8). Plaintiff claims that she did "not make any statement or give any indication to Defendant that she was struggling to perform her job at the time she was fired (Doc. 23, p. 17)." On the other hand, Plaintiff asserts that following her return from leave, Plaintiff had a "substantial limitation on her ability to work (Doc. 24, p.8)," which could have been overcome had she been "provided with a leave of absence as an accommodation (Doc. 24, p. 5)." It is not entirely clear from the pleadings and the evidence whether Plaintiff claims that she was performing the essential functions of the position without accommodation, or could perform them with reasonable accommodation. However, in either case, Plaintiff has come forth with sufficient allegations to raise a genuine issue as to the applicability of the ADA and Florida's Civil Rights Act.[1]

### B. Family and Medical Leave Act ("FMLA")

Plaintiff's asserts that Defendant violated the FMLA by failing to restore Plaintiff to the same or similar position upon returning to work and by retaliating against Plaintiff by terminating her employment and providing negative references. When viewed in the light most favorable to Plaintiff, these assertions are sufficient to maintain a cause of action.

---

[1] The Florida Civil Rights Act, FLA. STAT. § 760.10 et Seq., are analyzed under the same framework as the ADA. *Greenberg v. BellSouth Telecomms., Inc.,* 498 F.3d 1258, 1263-1264 (11th Cir. 2007).

## Conclusion

**It is ordered:**

1. Defendant's Motion for Summary Judgment (Doc. 18) is **denied**.

**ORDERED** on October 4, 2010

                                        /S/ Richard Smoak
                                        **RICHARD SMOAK**
                                        **UNITED STATES DISTRICT JUDGE**